SARTAIN, Judge.
In this appeal the sole issue is one of quantum. Mrs. Dorothy D. Price sustained a lumbosacral strain in an automobile accident on January 24, 1974. Following trial on the merits she was awarded the sum of $3500.00 for pain and suffering. She contends that this sum is grossly inadequate and should be increased to $12,000.00. Cited as authority for such an increase are numerous cases involving similar injuries wherein the awards were made in amounts ranging from $7500.00 to $16,000.00. We affirm.[1]
The trial judge in his written reasons for judgment, in part, stated: “The medical evidence indicates that although Mrs. Price complained vociferously, and really believed her complaints, the doctors were unable to find any objective medical reasons for these complaints; on the contrary, they seemed to believe she was exaggerating as she was a chronic complainer.”
Mrs. Price was initially seen and treated by Dr. James Durand at Rhodes J. Spedale Hospital in Plaquemine, Louisiana. Dr. Du-rand was not called to testify. However, it was stipulated that his testimony would be the same as that of Drs. Joe Almond Morgan and Allen Jackson, both of whom are orthopedic specialists. These doctors’ testimony was offered by deposition.
*1139 Mrs. Price testified that she was disabled from the date of the accident until December of 1974. She further stated that she continued to have severe pain and discomfort up to the date of the trial (September 22, 1975); that she is unable to do any unusual amount of walking, “standing around” or lifting; and, that she is unable to perform her normal household tasks. She continued to wear a lumbosacral corset.
Dr. Morgan deposed that he first saw Mrs. Price about a month after the accident. He caused her to be hospitalized from February 19 through March 1, 1974. He described her initial lumbosacral strain as “probably moderate at most.” She was treated with the use of traction, various forms of heat, medication, and fitted for a corset. On her release from the hospital Dr. Morgan felt that she was improving. With respect to the lumbosacral corset that Mrs. Price has worn since the accident, Dr. Morgan did not think it was necessary as “. . . she could have done without it long ago.” He described it as her “security blanket.”
Dr. Jackson saw her on one occasion, October 28,1974, at the request of the defendants. His examination was essentially negative except as to her complaint of pain. He did concede that her excessive weight was “obviously, an aggravating feature which has prolonged her symptoms.”
It is apparent from a reading of these doctors’ depositions that each had considerable question as to the justification for Mrs. Price’s continued complaints.
Under these circumstances, we do not find that the judge a quo abused the discretion accorded a trier of fact in assessing damages. C.C. Art. 1934(3).
For the above reasons, the judgment of the district court is affirmed at appellants’ costs.
AFFIRMED.

. It should be noted that Mrs. Price’s employer’s workmen’s compensation insurance carrier paid Mrs. Price weekly compensation benefits totaling $3,250.00 and medical benefits in the amount of $4,239.93. This insurer (Bituminous Insurance Companies) instituted a separate suit against the defendants herein to be reimbursed for these amounts. Mrs. Price’s judgment included the sums paid to her as workmen’s compensation benefits and the additional sum of $3500.00 for pain and suffering. These two cases were consolidated for trial. Following the rendition of judgment, the defendant in this action (Travelers) reimbursed Bituminous the sums it had paid to Mrs. Price. Bituminous did not appeal from the judgment.